# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2013

No. 12-10548
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER RAY KINSEY, also known as Bandido Skinny,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-193-2

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Christopher Ray Kinsey pleaded guilty to conspiracy to possess with the intent to distribute methamphetamine and possession with the intent to distribute a detectable amount of methamphetamine. He now appeals his within-guidelines, concurrent 235-month sentences as procedurally and substantively unreasonable.

We review sentences for reasonableness by engaging in a bifurcated review. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

Kinsey concedes that he did not object to his sentence on procedural grounds, so that the procedural issue he raises is reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009). "To affect the defendant's substantial rights, the defendant must demonstrate that the error affected the outcome of the district court proceedings. In the context of sentencing, we ask whether the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand." *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (internal quotation marks and citation omitted). Even if the foregoing elements are shown, we have the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Ellis*, 564 F.3d at 377 (internal quotation and citation omitted).

Kinsey asserts that his sentence is procedurally unreasonable because the district court gave inadequate reasons in light of his nonfrivolous arguments for a below-guidelines sentence. Sentences that fall within the advisory guidelines range require "little explanation." *Mondragon-Santiago*, 564 F.3d at 362. The district court heard and considered Kinsey's arguments then stated, "I'm going to take into account a lot of the things you've said in deciding where to impose a sentence and, frankly it's going to be significantly lower than I had intended originally." The court explained that Kinsey's sentence "is one that adequately

and appropriately addresses all the factors the Court should consider under" § 3553(a).

These stated reasons are sufficient to satisfy us that the district court considered Kinsey's arguments and had "a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356-58 (2007). As Kinsey cannot show that a more detailed explanation by the district court would have changed the sentence he received, his claim fails on plain error review. *See Mondragon-Santiago*, 564 F.3d at 365.

Kinsey also contends that his sentence is substantively unreasonable because (1) it is greater than needed to meet the sentencing goals of § 3553(a) in light of his subsequent rehabilitation and (2) the amounts of drugs he sold or guarded were set unilaterally by undercover agents. We consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. Therefore, Kinsey's within-guidelines sentence is "presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

As Kinsey has not shown that "sentencing entrapment" constitutes a factor that should have received significant weight in determining his sentence, he has not established that the district court's failure to impose a lesser sentence on this basis rendered his sentence unreasonable. *See United States v. Jones*, 664 F.3d 966, 984 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2728 (2012). Accordingly, Kinsey has not alleged any basis on which his participation in transporting and guarding methamphetamine was not conduct that the district court properly considered in determining his sentence. And, the district court did consider Kinsey's rehabilitative efforts: They were factored into the selection of a within-guidelines sentence after the district court had originally intended for Kinsey to serve more than 240 months in prison by ordering his sentences to run consecutively.

As Kinsey has not shown that the district court plainly erred regarding its stated reasons for selecting the sentence and has not shown that his sentence is substantively unreasonable, the judgment of the district court is AFFIRMED.